UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIS BOYD ANNIS,

Plaintiff,

v.

DOUGLAS COUNTY PROSECUTORS, *et al.*,

Defendants.

Case No. 3:22-cv-00016-MMD-CSD

ORDER

On February 4, 2022, the Court received a letter from *pro se* Plaintiff Willis B. Annis addressed to Chief Judge Miranda M. Du, attached here. Annis currently has three open cases before Judge Du, and two additional cases that were recently closed. In his letter, Annis explained that he is not currently located at Lake's Crossing Hospital, and that he is being illegally detained at 1038 Buckeye Road in Minden, NV—the address of the Douglas County Sheriff's Office and Douglas County Jail. He further states that the letter is his third request for release.[1]

Annis writes that his letter is not an ex parte communication. An ex parte communication is "a communication between a pro se party or attorney and a judge or chambers when the opposing party or attorney is not present or copied, including telephone calls, letters, or emails." Local Rule IA 7-2(a). A party may not make an ex parte communication except as specifically permitted by the Court or the Federal Rules of Civil Procedure, and any ex parte filing must state which rule permits the party to file ex parte and must explain why the filing is on an ex parte basis. Local Rule IA 7-2(b). The

[1]Because Annis did not indicate which of his cases, open or closed, this letter was in reference to, if any, the Court indicates that it received this communication in each of Annis' open cases.

Court finds that Annis' letter is an ex parte communication that does not fall under any rule permitting ex parte filings. Annis' letter must be filed on the docket.

At this time, the Court cannot address the relief requested in Annis' letter. of Annis' open cases are civil rights cases brough under 42 U.S.C. § 1983. All § 1983 cases brought *in forma pauperis* by a prisoner are subject to screening. *See* 28 U.S.C. § 1915A. The Court cannot decide whether Annis is entitled to his requested relief until his complaints are screened. At this time, Annis has not filed a completed application to proceed *in forma pauperis* and § 1983 complaint on the Court's correct forms in any of his open cases, so the screening process has not yet begun. Due to the large number of complaints awaiting screening, the screening process may take several months.

Moreover, the Court cautions Annis that he must file a new action if he seeks release from pretrial detention at the Douglas County Jail. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging "conditions of . . . confinement.'" *Id.* (quoting *Preiser*, 411 U.S. at 498-99)). If Annis seeks to challenge his detention at the Douglas County Jail as illegal, he must file a habeas corpus action and either pay the $5 filing fee or complete an application to proceed *in forma pauperis* on the Court's approved forms. If Annis seeks to challenge the conditions of his confinement at the Douglas County Jail, he must file a § 1983 complaint, either pay the $402 filing fee or complete an application to proceed *in forma pauperis* on the Court's approved forms, and await the Court's screening of his complaint. The Court will not grant relief based on letters sent to a judge.

///

///

///

///

///

In this case, the Court has directed Annis to file a completed application to proceed *in forma pauperis* on the Court's approved form by February 25, 2022. (ECF No. 4) If Annis do so, the Court will then screen Annis' complaint which, as stated above, may take several months. If Annis wishes to file a motion in this case, he must include the case number and explain clearly what relief he seeks and why he is entitled to it.

DATED THIS 7th Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

# Exhibit A

1-30-2022

Miranda Du,

This is Willis Boyd Annis III
Im not in Lakes Crossing Hosp,
Im Illegaly Detained on Non Violent Charges. Ive got a pardon for non violent charges that clearly state Im not to be arrested or Jailed for ~~[illegible]~~ frivolous, Non Violent actions, crimes, Im not to be charged! Now Ive written to this court on several occasions and I keep asking for my imediate release. You keep Denying this release, Ive told the court that in Case Name, Willis Boyd Annis V. State of Vermont Prosecutors and Federal prosecutors in the State of Vermont, Case No. — 5:2013-CV-00047, I have a remedies page Table of Relief that was approved by a three Panel of Second Circuit Supreme Court of Appeals Justices 3, 5, and 7 That Granted me Summary Judgement over all Parties, There is a section in that Federal InJunction against

Future charges arrests and being Jailed for Non Violent charges Im not to be detained this is a Signed Pardon from The Supreme Court You are in Violation of this mandate Please Order my release to be imediate or I will take legal action for Unlawful Inprison inprisonment and Violation of a Supreme Court Order, granting me imunity against non violent charges. See Table/Pages of remedy in case No. 3:2013-cv-00047, Annis V. State of Vermont Prosecutors Et Al. Im being illegaly confined at 1038 Buckeye ln. Mendin NV. 89423 This is my 3rd Request for Release

1-30-2022 [signature]

Willis Boyd Annis III
P.O. Box 1777
Mendin NV 89423

This is not a EX Parte communication

Willis Annis
P.O. Box 1777
Minden NV
89423

RENO NV 895
02 FEB 2022 PM 2 T

USA ★ FO

U.S. District Court 9th Cir.
c/o Justice Miranda M. Du.
400 So. Virginia St
Reno NV 89501

XRAYED US MARSHALS SERVICE

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
FEB 04 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY DEPUTY

Douglas County Sheriff's Office, N
OUTGOING INMATE MAIL